IT IS HEREBY ADJUDGED and DECREED that the
below described is SO ORDERED.

Dated: February 12, 2019.



_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| In re: § <br> § <br> CLEARWATER TRANSPORTATION, LTD., § <br> § <br> Debtor.[1] § | CHAPTER 11 CASE <br><br> CASE NO. 19-50292-cag |

**INTERIM ORDER (I) AUTHORIZING DEBTOR TO USE CASH COLLATERAL;
(II) GRANTING ADEQUATE PROTECTION; (III) SCHEDULING A FINAL
HEARING; AND (IV) GRANTING RELATED RELIEF**

The Court has considered the Debtor's *Emergency Motion for Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief* (the "Motion")[2] filed by the Debtor in the above-captioned Case.

---

[1] The Debtor's address is 6013 Fountainwood, San Antonio, Texas 78233 and the last four digits of its Federal Tax Identification number are 2020.

[2] Capitalized terms not otherwise defined herein have the definitions ascribed in the Motion.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may constitutionally enter this interim order on the Motion; (iii) the interim relief requested in the Motion and granted herein is in the best interests of the Debtor, its estate, and its creditors and is necessary to avoid immediate and irreparable harm to the Debtor and its estate (the "Estate"); (iv) Debtor is likely to prevail under Bankruptcy Code Section 363(e) at the Final Hearing (as defined below); (v) proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; (vi) all objections to the Motion have been resolved by this Order or are overruled in their entirety; and (vii) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

**IT IS THEREFORE ORDERED** as follows:

1. The Motion is **GRANTED** on an interim basis as set out herein.

2. The Debtor is authorized to use Cash Collateral on an interim basis pursuant to the Interim Cash Collateral Budget attached hereto as Exhibit 1. Debtor shall use its Cash Collateral solely to pay the expenses in the amounts and at the times provided in the Interim Cash Collateral Budget; provided, however, that the Debtor shall have authority to use Cash Collateral in excess of the amounts set forth in the Interim Cash Collateral Budget on a weekly basis to the extent that such variance does not exceed twenty percent (20%) on a line item or weekly aggregate basis.

3. The Debtor's interim authorization to use Cash Collateral provided by this Interim Cash Collateral Order shall last until conclusion of the Final Hearing on the Motion or at such

other date and time and in the manner set out in any other or further Order of the Court addressing Debtor's use of Cash Collateral.

4. As adequate protection for any diminution in value of a creditor's interest in Cash Collateral resulting from Debtor's use thereof after the Petition Date, any party with a validly granted, properly perfected and properly enforceable lien or security interest under applicable non-bankruptcy law shall be granted (without the necessity of the Debtor or such creditor executing any mortgages, deeds of trust, security agreements, pledge agreements, control agreements, financing statements or other documentation) validly perfected and enforceable security interests in, and liens upon, all property of the Debtor and Debtor's Estate arising post-petition (the "Post-Petition Collateral") of the same type and nature of the property of Debtor that served as such creditor's pre-petition collateral (but excluding any claims and causes of action of Debtor, including any avoidance actions under the applicable provisions of the Bankruptcy Code or applicable non-bankruptcy law), but only to the extent of the validity, enforceability, perfection and priority of such creditor's security interest and liens in any pre-petition assets of the Debtor (the "Replacement Liens"). The Replacement Liens granted herein in the Post-Petition Collateral shall be in addition to all other rights of such secured creditors, including any secured creditor's liens and security interests in any pre-petition collateral.

5. As adequate protection for Pearl Delta Funding and Lendini, parties to agreements that purportedly provide for the "purchase" of Debtor's "receipts" or "accounts", adequate protection for those two (2) parties shall consist, on an interim basis, of continued payment to such parties in the ordinary course of business by Debtor pursuant to their agreements with Debtor (*i.e.* daily ACH payments in the amount of $2,121.22 to Lendini and weekly ACH payments in the amount of $10,612.00 to Pearl Delta Funding (collectively, the "Factor ACH

Debits")). Any or all of such Factor ACH Debits shall, however, be subject to recovery by Debtor if it is ultimately determined by the Court that such Factor ACH Debits should not have been paid for any reason. In the event of any such recovery, the Replacement Liens provided for other parties herein shall be applicable to Pearl Delta Funding and Lendini at that point. Further, nothing in this Interim Cash Collateral Order is a determination of the rights of Debtor, Pearl River Funding or Lendini with respect to their agreements and Debtor's receipts and accounts, and the rights of such parties in that regard are preserved and protected.

6. Nothing in this Interim Cash Collateral Order shall be a determination of the rights of Debtor or any purported secured creditor regarding the validity, enforceability, perfection, or priority of any lien, claim or encumbrance of any purported secured creditor against the assets of the Debtor or the Debtor's Estate and the rights of all parties are preserved and protected in that regard.

7. A Final Hearing on the Motion shall be held on March 21, 2019 at 9:30 a.m. before the Court.

8. Debtor shall file, and serve on the Limited Service List, a proposed form of Final Cash Collateral Order in connection with the Motion on or before March 14, 2019, which proposed form of order shall have attached a Final Proposed Cash Collateral Budget. The proposed form of Final Cash Collateral Order shall set out any proposed final adequate protection for Debtor's use of Cash Collateral.

9. Any party objecting to the Motion and the relief requested therein, the proposed Final Cash Collateral Order, and/or the Final Cash Collateral Budget shall file any such objection in the Case and serve any such objection on Debtor's counsel, Patrick L. Huffstickler, Dykema Gossett PLLC, 112 E. Pecan Street, Suite 1800, San Antonio, Texas 78205, and the Office of the

United States Trustee, 615 E. Houston St., Ste. 533, San Antonio, TX 78205, on or before 5:00 p.m., central time, on March 18, 2019. Any such objection shall set out in detail any purported liens, security interests, encumbrances, or other purported interests in Debtor's Cash Collateral and/or any other assets of the Debtor and Debtor's Estate, or in any and all other assets, funds, receipts, receivables, or other property in the possession of or under the control of the Debtor, and include as exhibits, or in a separate contemporaneous filing, any and all relevant loan, security, mortgage, pledge or other documents that purport to create a lien, pledge, encumbrance, or other interest in the assets of Debtor or Debtor's Estate, or property, funds, receipts, receivables, in the possession of or under the control of Debtor. Such objection shall also detail the adequate protection which such party believes is necessary and appropriate for Debtor's use of such party's Cash Collateral.

10. This Interim Order shall be deemed effective immediately and, for the avoidance of doubt, Bankruptcy Rule 6004(h) shall not apply hereto.

11. Within three (3) business days after entry of this Interim Order, Debtor shall mail a copy of this Interim Cash Collateral Order to the parties on the Limited Service List and any other parties which Debtor believes may assert an interest in Debtor's Cash Collateral, or other assets or any property or funds under the control of or in the possession of Debtor or Debtor's Estate.

12. The Replacement Liens granted pursuant to this Interim Cash Collateral Order are specifically limited to the diminution in value resulting from Debtor's use of Cash Collateral after the Petition Date and solely to the extent of any such diminution.

13. This Interim Cash Collateral Order is without prejudice to rights of any party in interest to challenge the validity, amount, perfection, priority, extent, or enforceability of any

claim or security interest, lien, encumbrance or other interest in any of Debtor's assets, or any assets under the control of or in possession of Debtor or its Estate.

14. The Court retains jurisdiction with respect to all matters arising from or related to this Interim Cash Collateral Order and the implementation of this Interim Cash Collateral Order.

# # #

Prepared and submitted by:

Patrick L. Huffstickler
State Bar No. 10199250
phuffstickler@dykema.com
Jesse T. Moore
State Bar No. 24056001
jmoore@dykema.com
**DYKEMA GOSSETT PLLC**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 (Fax)

**COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

Exhibit "1" to Interim Cash Collateral Order

# INTERIM CASH COLLATERAL BUDGET (REVISED TO INCLUDE WEEK OF 03/18/2019)

Clearwater Transportation, Ltd.

| | | |
|---|---|---|
| Starting date | 2/4/2019 | |
| Cash balance alert minimum | $0.00 | |

| | Beginning | Week 0204 | Week 0211 | Week 0218 | Week 0225 | Week 0304 | Week 0311 | Week 0318 |
|---|---|---|---|---|---|---|---|---|
| Cash on hand (beginning of week) | $121,000.00 | $121,000.00 | $191,718.00 | $226,537.00 | $293,023.00 | $358,509.00 | $271,298.00 | $110,117.00 |
| Cash on hand (end of week) | $121,000.00 | $191,718.00 | $226,537.00 | $293,023.00 | $358,509.00 | $271,298.00 | $110,117.00 | $175,603.00 |
| **CASH RECEIPTS** | | | | | | | | |
| Rental Car Receipts | | | $158,500.00 | $158,500.00 | $158,500.00 | $158,500.00 | $212,500.00 | $212,500.00 | $212,500.00 |
| Damage Collections | | | $4,521.00 | $4,521.00 | $4,521.00 | $4,521.00 | $4,521.00 | $4,521.00 | $4,521.00 |
| Fleet Incentives | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Vehicle Sales | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Owner contributions | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL CASH RECEIPTS | | | $153,979.00 | $153,979.00 | $153,979.00 | $153,979.00 | $207,979.00 | $207,979.00 | $207,979.00 |
| Total cash available | $121,000.00 | $274,979.00 | $345,697.00 | $380,516.00 | $447,002.00 | $566,488.00 | $479,277.00 | $318,096.00 |
| **CASH PAID OUT** | | | | | | | | |
| American Express | | $0.00 | $0.00 | $6,000.00 | $0.00 | $0.00 | $0.00 | $6,000.00 |
| Body Shop Repairs | | $5,125.00 | $5,125.00 | $5,125.00 | $5,125.00 | $5,125.00 | $5,125.00 | $5,125.00 |
| City of Austin - MAGS | | $0.00 | $0.00 | $0.00 | $0.00 | $44,835.00 | $0.00 | $0.00 |
| City of Austin - Excess | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| City of Austin - Service Center | | $0.00 | $0.00 | $0.00 | $0.00 | $3,176.00 | $0.00 | $0.00 |
| City of Killeen - Mags/Rent/Excess | | $0.00 | $0.00 | $0.00 | $0.00 | $9,597.00 | $0.00 | $0.00 |
| City of San Angelo - Mags/Rent/Excess | | $0.00 | $0.00 | $0.00 | $0.00 | $9,500.00 | $0.00 | $0.00 |
| Communications/Telephone/Internet | | $4,600.00 | $0.00 | $0.00 | $0.00 | $4,600.00 | $0.00 | $0.00 |
| Comptroller 5% Qtrly | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $47,000.00 |
| Contract Labor - Shuttlers | | $1,200.00 | $0.00 | $0.00 | $0.00 | $1,200.00 | $0.00 | $0.00 |
| CONRAC Rent & O&M | | $0.00 | $0.00 | $0.00 | $0.00 | $35,051.00 | $0.00 | $0.00 |
| Credit Card Discounts POS | | $22,500.00 | $0.00 | $0.00 | $0.00 | $22,500.00 | $0.00 | $0.00 |
| Employee Benefit Programs | | $0.00 | $9,000.00 | $0.00 | $9,000.00 | $0.00 | $9,000.00 | $0.00 |
| Fuel - CONRAC | | $2,100.00 | $2,100.00 | $2,100.00 | $2,100.00 | $2,100.00 | $2,100.00 | $2,100.00 |
| Hertz Statement | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $80,000.00 | $0.00 |
| Insurance Fleet | | $0.00 | $12,000.00 | $0.00 | $0.00 | $0.00 | $12,000.00 | $0.00 |
| Motor Vehicle Rental Tax | | $0.00 | $0.00 | $52,000.00 | $0.00 | $0.00 | $0.00 | $60,000.00 |
| Office Supplies | | $0.00 | $1,667.00 | $0.00 | $0.00 | $0.00 | $1,667.00 | $0.00 |
| Payroll/PR Fees/Workers Comp | | $0.00 | $67,000.00 | $0.00 | $50,000.00 | $0.00 | $67,000.00 | $0.00 |
| Refuse | | $120.00 | $0.00 | $0.00 | $0.00 | $120.00 | $0.00 | $0.00 |
| Rent/Lease Harbor / Real Estate | | $12,548.00 | $0.00 | $0.00 | $0.00 | $12,548.00 | $0.00 | $0.00 |
| TSD - POS Software | | $6,300.00 | $0.00 | $0.00 | $0.00 | $6,300.00 | $0.00 | $0.00 |
| US Bank Trustee - CFC's | | $0.00 | $0.00 | $0.00 | $0.00 | $45,000.00 | $0.00 | $0.00 |
| Utilities | | $1,500.00 | $0.00 | $0.00 | $0.00 | $1,500.00 | $0.00 | $0.00 |
| Vehicle Repair & Maintenance | | $1,050.00 | $1,050.00 | $1,050.00 | $1,050.00 | $1,050.00 | $1,050.00 | $1,050.00 |
| Tag and tax | | $5,000.00 | $0.00 | $0.00 | $0.00 | $5,000.00 | $0.00 | $0.00 |
| US Trustee Fee | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Capital One - Toll payments | | $0.00 | $0.00 | $0.00 | $0.00 | $5,000.00 | $0.00 | $0.00 |
| Vehicle Payoffs | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| SUBTOTAL | | $62,043.00 | $97,942.00 | $66,275.00 | $67,275.00 | $214,202.00 | $177,942.00 | $121,275.00 |
| NP IOU Financial | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| NP Pearl Delta Funding | | $10,612.00 | $10,612.00 | $10,612.00 | $10,612.00 | $10,612.00 | $10,612.00 | $10,612.00 |
| NP Funding Metrics - Lendini | | $10,606.00 | $10,606.00 | $10,606.00 | $10,606.00 | $10,606.00 | $10,606.00 | $10,606.00 |
| FC Marketplace-Pioneer Park | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| NP Newtek SBA | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| NP Bancorp - Fleet | | $0.00 | $0.00 | $0.00 | $0.00 | $57,000.00 | $0.00 | $0.00 |
| NP GM Financial - Fleet | | $0.00 | $0.00 | $0.00 | $0.00 | $2,770.00 | $0.00 | $0.00 |
| NP Hincklease - Fleet | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $120,000.00 | $0.00 |
| NP Selig - Fleet | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $50,000.00 | $0.00 |
| Owners' withdrawal | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL CASH PAID OUT | | $83,261.00 | $119,160.00 | $87,493.00 | $88,493.00 | $295,190.00 | $369,160.00 | $142,493.00 |
| Cash on hand (end of week) | $121,000.00 | $191,718.00 | $226,537.00 | $293,023.00 | $358,509.00 | $271,298.00 | $110,117.00 | $175,603.00 |