IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| CLEARWATER TRANSPORTATION, LTD., | § | |
| | § | Case Number 19-50292-cag |
| Debtor. | § | |

**MOTION FOR APPOINTMENT OF TRUSTEE, OR IN THE ALTERNATIVE, MOTION FOR APPOINTMENT OF AN EXAMINER**

TO THE HONORABLE CRAIG A. GARGOTTA,
UNITED STATES BANKRUPTCY JUDGE:

COME NOW Austin Conrac, LLC ("Austin ConRAC") and the City of Austin (collectively, the "Movants") and file this Motion for Appointment of Trustee, or in the Alternative, Motion for Appointment of an Examiner (the "Motion"), as follows:

### I. OVERVIEW

1. The Debtor owes millions of dollars for funds it received from customers in trust and did not remit to the State of Texas, the City of Austin, the Airport, and the City of Austin Controller's office, among others. The Debtor did not pay sales taxes, various bond funds and tolls collected from its Rent-a-Car Customers, Customer Facility Charges, and Concession Fees owed to the City. At the same time, Debtor also paid its owner, Monty Merrill, over $464,808 in salary and distributions, as well as the Debtor made payments to a related real estate company, wholly owned by Mr. Merrill, of over $142,000, apparently using the trust funds collected for the Debtor's own purposes. The Debtor paid its owner more than it makes on gross margin, and the Debtor continues to lose money in the bankruptcy case. A trustee is warranted to protect the interests of the estate, to protect the City of Austin's interest in the trust funds collected post-petition, to protect Austin ConRAC's interest in the leasehold, and to protect the various other

{01506/0001/00231750.2}

creditors of the estate.

## II. BACKGROUND FACTS

2. The Debtor is a tenant in the Consolidated Rental Car Facility (the "CONRAC") at Austin Bergstrom International Airport ("ABIA"). At ABIA, the Debtor does business as a Hertz franchisee under the Thrifty and Dollar rental car brand names. The Rental Car Facility is directly adjacent to ABIA and is easily accessible by passengers at ABIA. The Debtor derives the majority of its rental car income (85%) from ABIA. (Declaration of Monty Merrill in Support of First Day Motions, ¶ 13).

3. The business arrangement for the CONRAC among the City of Austin, Austin ConRAC, and the Debtor is established in the following agreements: the Rental Car Concession Agreement for Austin-Bergstrom International Airport between the City of Austin, Texas and Clearwater Transportation, Ltd. dba Dollar Car Rental (the "Dollar Concession Agreement"); the Rental Car Concession Agreement for Austin-Bergstrom International Airport between the City of Austin, Texas and Clearwater Transportation, Ltd. dba Thrifty Car Rental (the "Thrifty Concession Agreement," together with the Dollar Concession Agreement, the "Concession Agreements"); the Consolidated Rental Car Facility Master Lease Agreement for Austin-Bergstrom International Airport between the City of Austin and Austin ConRAC (the "Master Lease Agreement"); the Consolidated Rental Car Facility Sublease Agreement for Austin-Bergstrom International Airport among Austin ConRAC, the City of Austin and Clearwater Transportation, Ltd. dba Dollar Car Rental (and related amendments thereto) (the "Dollar Sublease"); and the Consolidated Rental Car Facility Sublease Agreement for Austin-Bergstrom International Airport among Austin ConRAC, the City of Austin and Clearwater Transportation, Ltd. dba Thrifty Car Rental (and related amendments thereto) (the "Thrifty Sublease," together

with the Dollar Sublease, the "Subleases").

4. The Master Lease Agreement requires that Austin ConRAC enter into the Subleases with parties to the Concession Agreements. The Concession Agreements allow each car rental company to conduct business at ABIA. Austin ConRAC is the master lessee to the Debtor holding the Subleases at the ABIA rental car facility. The Debtor, the sublessee of Austin ConRAC, owes monthly obligations for both base rent and for operations and maintenance ("O&M"). As of the Petition Date, approximately $193,625 was owed to Austin ConRAC for O&M under the Subleases, in addition to $36,375 in base rent. (See Schedules of Assets and Liabilities, page 4 of 27).

5. Further, the City of Austin has a lease for service center space at ABIA directly with the Debtor. The Debtor owes rent pre-petition for this leased space in the amount of $15,881.25.

6. The Debtor owes the City of Austin certain fees pursuant to the Concession Agreements as follows:

   a. a Concession Fee equal to ten percent (10%) of its Gross Receipts (¶ 4.1 of the Concession Agreements), in the amount of $190,692 as of the Petition Date; *See* Schedules of Assets and Liabilities, Docket No. 37, page 9, and

   b. a Customer Facility Charge ("CFC") in the amount of $5.95 per day per rental customer (¶ 4.2 of the Concession Agreements), in the approximate amount of $295,645 as of the Petition Date. *See* Schedules of Assets and Liabilities, Docket No. 37, pages 8 and 9.

7. The CFCs are used to pay certain municipal bonds, and the Debtor, by entering into the Concession Agreements, expressly agreed that the CFCs were to be held in trust and

paid to the Bond Trustee (as assignee of the City of Austin, and as defined in the Concession Agreements) on or before the 20th day of each month for the preceding calendar month of operations. These fees are separately identified on each rental car customer's receipt. *See* ¶¶ 4.2.1 and 4.2.2 of the Concession Agreements. The Debtor expressly collected the fees on behalf of the City of Austin, but misappropriated those fees and did not remit those sums to the Trustee.

8. The Debtor has misappropriated the CFCs which are the property of the Bond Trustee. This arguably is a first degree felony violation of the Texas Penal Code §32.45. This unquestionably is a violation of the Debtor's duties.

9. The Debtor owes approximately $1.5 million to the City of Austin Town Lake Bond Fund. The City of Austin Town Lake Bond Fund is a charge imposed by the City of Austin on all car rentals. It is generally five percent (5%) of gross sales rentals.

10. The Debtor owes the Travis County Tax Assessor $112,050 in personal property taxes as of the Petition Date and an additional $168,156 in State of Texas Rental Vehicle Taxes to the Texas Comptroller of Public Accounts. *See* Schedules of Assets and Liabilities, Docket No. 37, pages 13 and 16.

11. The Debtor also has an obligation to hold sales taxes in trust. The Debtor has failed to remit its sales taxes, held on behalf of the State of Texas, to the Texas Comptroller.

12. Additionally, the Debtor has failed to remit toll road fees collected from customers in the amount of $117,083. *See* Schedules of Assets and Liabilities, Docket No. 37, page 17.

13. While in the course of spending funds that were held on behalf of others, the Debtor paid its principal, Monty Merrill, an exorbitant salary. The Debtor paid its related company, owned by Mr. Merrill, the amount of $142,000 and has a "note receivable" according

to the Debtor in the amount of $638,092 (essentially only a "book entry"), that is owed to this same related entity.

14. Even though it is not paying the majority of trust funds in its possession, the Debtor still could not operate at a profit. The Debtor owes its secured creditors, its franchisor, and its unsecured creditors significant sums, and the Debtor is well past due on the vast majority of all of its business obligations.

15. In sum, the Debtor has misappropriated trust funds, paid funds to insiders, and still operated at a significant loss. Nothing about the bankruptcy filing has assuaged its operating at a deficit.

### III. THE COURT SHOULD APPOINT A TRUSTEE

16. The Debtor is a poster child for poor management. The Debtor has offered no plan to promptly pay the amounts it has misappropriated, nor a plan to cure its other debts. There is a significant chance that the Debtor is administratively insolvent, given its trust fund obligations. *See* Concession Agreements ¶ 4.2.1. Every day that the Debtor operates with current management creates a significant risk of continued harm to the estate. Nothing that current management does is unique; there is nothing that cannot be handled by an appointed trustee with experience in the car rental business. The Court should appoint a trustee pursuant to 11 U.S.C. § 1104(a) to oversee Debtor's operations and to ensure the integrity of Debtor's operations.

17. Section 1104(a)(1) provides for a mandatory appointment of a trustee when the movant has proven cause, which the statute defines to include fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor either before or after the commencement of the case. 11 U.S.C. § 1104(a)(1); *In re Evans*, 48 B.R. 46, 47 (Bankr. W.D. Tex., San Antonio

Division, 1985) (finding cause for the appointment of a trustee for the failure of filing federal tax returns); *see also Matter of Hester*, 899 F.2d 361, 363 (5th Cir. 1990) ("The repeated violations of the requirements and protections of the Bankruptcy Code clearly constitute cause for the appointment of a Trustee pursuant to 11 U.S.C. § 1104."). The inquiry is fact specific, and the appointment of a trustee is made on a case-by-case basis after considering the totality of the circumstances. *In re Sharon Steel Corp.,* 871 F.2d 1217, 1226 (3d Cir. 1989); *In re Sundale, Ltd.*, 400 B.R. 890, 900 (Bankr. S.D. Fla. 2009); *In re G-1 Holdings, Inc.*, 295 B.R. 502, 507 (D.N.J. 2003); *In re Bellevue Place Assoc.,* 171 B.R. 615, 622 (Bank.N.D.Ill.1994).

18. Further, Section 1104(a)(2) envisions a flexible standard, giving the Bankruptcy Court discretion to appoint a trustee, and when to do so, that would serve the parties' and the estate's interest. 11 U.S.C. § 1104(a)(2); *In re FPMC Austin Realty Partners, LP*, 573 B.R. 679, 694 n. 172 (Bankr. W.D. Tex. 2017) (citing with approval the proposition that the "standard for appointing a trustee is flexible.") (citing *In re Eurospark Indus., Inc.*, 424 B.R. 621, 627 (Bankr. E.D.N.Y. 2010)); *see In re Evans*, 48 B.R. 46, 47 (Bankr. W.D. Tex., San Antonio Division, 1985) (in addition to finding cause, finding that the appointment of a trustee was in the best interest of the estate under the court's equitable powers provided by Section 1104(a)(2) for the failure to file federal tax returns); *see also In re Marvel Entertainment*, 140 F. 3d 463, 474 (3d Cir. 1998). That decision whether to appoint a trustee under Section 1104(a)(2) is committed to the sound discretion of the Bankruptcy Judge. *In re Adelphia Communications Corp.*, 342 B.R. 122, 126 (S.D.N.Y. 2006); *see also Matter of Cajun Elec. Power Co-op., Inc.*, 69 F.3d 746, 749 (5th Cir. 1995) (opinion withdrawn in relevant part on reh'g, 74 F.3d 599 (5th Cir. 1996) ("The district court's appointment of a trustee is reviewable only for abuse of discretion.").

19. Pursuant to either standard, the Movants assert that the facts set forth herein and

that will be established at the hearing on this Motion will provide a sufficient basis to appoint a trustee.

### IV. ALTERNATIVELY, THE COURT SHOULD APPOINT AN EXAMINER

20. This case presents serious issues. The misappropriation of trust funds is highly improper, and the creditors and other estate constituents can have no confidence in the statements of the Debtor concerning its finances or business operations. 11 U.S.C. §1104(c) provides:

> the court shall order the appointment of an examiner to conduct an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement or irregularity in the management of the affairs of the debtor… if
> (1) Such appointment is in the interests of creditors, …, and other interests of the estate; or
> (2) The debtor's fixed, unliquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

(emphasis added).

21. Debtor's schedules indicate that the unsecured debts amount to some $3,416,721.41. However, the City of Austin and Austin ConRAC suggest that these facts clearly present a case where the appointment would be in the best interests of creditors. As indicated above, the misappropriation of trust funds and the subsequent payments to insiders present a very serious situation. Admittedly, the estate possesses valuable assets which need to be properly managed to prevent further harm to creditors. If the court does not appoint a trustee, the court should alternatively consider the appointment of an examiner and charge the examiner to conduct a full investigation of the Debtor's business operations and report back to the Court in thirty (30) days.

### V. CONCLUSION AND PRAYER

WHEREFORE, premises considered, Austin ConRAC and the City of Austin pray that

the Court enter an order to (A) appoint a Chapter 11 trustee; or (B) in the alternative, appoint an examiner; and (C) grant Austin ConRAC and the City of Austin such other and further relief to which they may be entitled at law or in equity.

Dated: March 15, 2019

Respectfully submitted,

By: /s/ *Sabrina L. Streusand*
Sabrina L. Streusand
State Bar No. 11701700
Stephen W. Lemmon
State Bar No. 12194500
Streusand, Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Ste. 320
Austin, Texas 78746
Telephone: (512) 236-9901
Facsimile: (512) 236-9904
streusand@slollp.com

**ATTORNEYS FOR AUSTIN CONRAC, LLC**

and

By: */s/ Afton Trevino*
Afton Trevino
Texas Bar No. 24071159
City of Austin
301 W 2nd Street
Austin, Texas 78701
Telephone: (512) 974-2282
Facsimile: (512) 974-1311
afton.trevino@austintexas.gov

**ATTORNEYS FOR CITY OF AUSTIN**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on this 15th day of March, 2019 upon all parties requesting service via ECF notification, and/or via email or first class mail to the parties on the attached service list.

/s/ Sabrina L. Streusand
Sabrina L. Streusand

{01506/0001/00231750.2}

# Clearwater Transportation, Ltd. – 19-50292
## Limited Service List

**Debtor:**
Clearwater Transportation, Ltd.
6013 Fountainwood
San Antonio, TX 78233
**Via Mail**

**Attorney for Debtor**
Patrick L. Huffstickler
Dykema Gossett PLLC
112 E. Pecan St., #1800
San Antonio, TX 78205
ECF: phuffstickler@dykema.com

**Office of the U.S. Trustee**
615 E. Houston, Suite 533
San Antonio, TX 78205
**Via ECF:** USTP.Region07@usdoj.gov

## LENDERS/POTENTIAL SECURED CREDITORS

Funding Circle
FC Marketplace, LLC
747 Front St., 4th Fl.
San Francisco CA 94111
**Via Mail**

Newtek Small Business Finance LLC
1981 Marcus Ave., #130
Lake Success NY 11042
**Via Mail**

IOU Central Inc.
600 TownPark Lane, Suite 100
Kennesaw, GA 30144
**Via Mail**

Funding Metrics, LLC
dba Lendini
884 TownCenter Drive
Langhome, PA 19047
**Via Mail**

Pioneer Park LLC
P.O. Box 398321
San Francisco, CA 94139-8321
**Via Mail**

GM Financial
P.O. Box 183593
Arlington, TX 76096-3834
**Via Mail**

Pearl Capital
Pearl Delta Funding
100 William Street, Suite 900
New York, NY 10038
**Via Mail**

## TAXING AND REGULATORY AGENCIES

Bell County Appraisal District
P.O. Box 390
Belton TX 76513-0390
**Via Mail**

Bexar County Tax Office
P.O. Box 2903
San Antonio TX 78299-2903
**Via Mail**

City of Austin
Controller's Office
P.O. Box 2920
Austin TX 78768-2920
**Via Mail**

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346
**Via Mail**

Texas Comptroller of Public Accounts
Revenue Accounting Division -
Bankruptcy Section
P.O. Box 13528 Capitol Station
Austin, TX 78711
**Via Mail**

Texas Workforce Commission
TWC Building - Regulatory Integrity
Division
101 East 15th Street
Austin, TX 78778
**Via Mail**

Tax Appraisal District of Bell County
P.O. Box 390
Belton, TX 76513-0390
**Via Mail**

Travis County Tax Office
Bruce Elfant, Tax Assessor-Collector
P.O. Box 149328
Austin, TX 78714-9328
**Via Mail**

Tom Green Appraisal District
2302 Pulliam St.
San Angelo TX 76905
**Via Mail**

Albert Uresti, MPA, PCC
Bexar County Tax Assessor-Collector
P.O. Box 2903
San Antonio, TX 78299-2903
**Via Mail**

United States Department of Justice -
All Divisions:
United States Attorney, Civil Process
Clerk
N. W. Loop 410, Suite 600
San Antonio, TX 78216
**Via Mail**

## AIRPORT CONCESSION PARTIES

City of Austin
c/o U.S. Bank, N.A.
P.O. Box 70870
Saint Paul MN 55170-9705
**Via Mail**

Austin CONRAC, LLC
Attn: Marshall A. Fein, COO
12130 Colwick
San Antonio, TX 78216
**Via Mail**

Director of Aviation
THE CITY OF AUSTIN
Austin-Bergstrom International Airport
3600 Presidential Blvd., Suite 411
Austin, TX 78719
**Via Mail**

The Airport Properties Manager
Department of Aviation
THE CITY OF AUSTIN
Austin-Bergstrom International Airport
3600 Presidential Blvd., Suite 411
Austin, TX 78719
**Via Mail**

City of Austin
City Clerk
301 W. Second St.
Austin, TX 78701
**Via Mail**

City of Killeen
8101 S. Clear Creek Rd., Box C
Killeen, TX 76549
**Via Mail**

Killeen-Fort Hood Regional Airport
Attn: Executive Director of Aviation
8101 S. Clear Creek Rd., Box C
Killeen, TX 76549
**Via Mail**

City of Killeen
Attn: City Attorney
101 N. College St., 1st Floor
Killeen, TX 76541
**Via Mail**

City of San Angelo
San Angelo Regional Airport-Mathis Field
8618 Terminal Circle, Ste. 101
San Angelo, TX 76904
**Via Mail**

City Attorney's Office
72 W. College Avenue
San Angelo, TX 76903
**Via Mail**

Austin Conrac, LLC
Conrac Managing, c/o Conrac Solutions
981 Lowell Ave. SW, #125
Renton, WA 98057
**Via Mail**

## TOP 20 UNSECURED CREDITORS (EXCLUSIVE OF OTHER CATEGORIES)

ATS Processing Services
1150 N. Alma School Rd.
Mesa, AZ 85201
**Via Mail**

Calhoun, Thomson & Matza
9500 Aboretum Blvd., #120
Austin, TX 78759
**Via Mail**

Dent Crafters
166 Briar Forest Dr.
Bastrop, TX 78602
**Via Mail**

Highway Toll Administrations
66 Powerhouse Rd., #103
Roslyn Heights, NY 11577
**Via Mail**

Town North Nissan
9160A Research Blvd.
Austin, TX 78758
**Via Mail**

Town North Nissan
9160A Research Blvd.
Austin, TX 78758
**Via Mail**

## CONTRACT AND VEHICLE LEASE PARTIES

Hincklease, Inc.
Attn: Bill Jeffries
2305 President's Dr., Ste. F
Salt Lake City UT 84120
**Via Mail**

Selig Leasing Company, Inc.
Attn: Steve Schaefer
2510 S. 108th St.
West Allis WI 53227
**Via Mail**

Hertz Global Holdings
Thrifty Rent-A-Car System, Inc.
Dollar Rent A Car, Inc.
Attn: Robert M. Barton
8501 Williams Road
Estero, FL 33928
**Via Mail**

Union Leasing, Inc.
P.O. Box 75850
Chicago, IL 60675-5850
**Via Mail**

The Bancorp
409 Silverside Road
Suite 105
Wilmington, DE 19809
**Via Mail**

Hinckley's Inc.
Dba Hincklease, Inc.
2309 South State Street
Salt Lake City, UT 84115
**Via Mail**

Harbor Properties
850 S. Hermitage Road, Suite B1
Hermitage, PA 16148
**Via Mail**

Commercial Fleet Leasing
The Bancorp Bank
Attn: Paul F. Pollock
626 Jacksonville Road, Suite 205
Warminster, PA 18974
**Via Mail**

DTG
Dba DTG Operations, Inc.
Attn: Lockbox Dept. 673
6242 E. 41st Street
Tulsa, OK 74135
**Via Mail**

Bancorp Bank
Attn: Paul F. Pollock
3755 Park Lake St.
Orlando FL 32803-5265
**Via Mail**

## NOTICES OF APPEARANCE

**Bell County Tax Appraisal District**
c/o Tara LeDay
McCreary, Veselka, Bragg & Allen, PC
P O Box 1269
Round Rock, TX 78680-1269
ECF: tleday@mvbalaw.com

**Bexar County**
c/o Don Stecker
Linebarger Goggan Blair & Sampson LLP
711 Navarro Street, Ste 300
San Antonio, TX 78205
ECF: don.stecker@lgbs.com

**Tom Green CAD**
c/o Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

**Newtek Small Business Finance, LLC**
c/o Michael Flume
Flume Law Firm, LLP
1020 N.E. Loop 410, Suite 530
San Antonio, TX 78209

**Frost Bank**
c/o Robert L. Barrows
Warren, Drugan & Barrows, P.C.
800 Broadway
San Antonio, TX 78215

**Travis County**
c/o Kay D. Brock
Assistant Travis County Attorney
P.O. Box 1748
Austin, TX 78767

**Mark Paul**
AutoAp, Inc.
P.O. Box 91507
Portland, OR 97291

**Austin CONRAC, LLC**
c/o Sabrina L. Streusand
Streusand, Landon Ozburn & Lemmon, LLP
1801 S. MoPac Expressway Ste 320
Austin, TX 78746

**Stephanie Hernandez**
c/o Charlie Shelton
Hajjar Peters, LLP
3144 Bee Caves Rd.
Austin, TX 78746

**The Hertz Corporation**
c/o William J. Hanlon
Nascine Howell
Seyfarth Shaw LLP
Two Seaport Lane, #300
Boston, MA 02210

4840-4920-0263.1
117928\000001
03/14/2019 3:27 PM