# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 19-50292-CAG-11 |
| | § | |
| CLEARWATER TRANSPORTATION, LTD., | § | Chapter 11 |
| | § | |
| DEBTOR | § | |

## TEXAS COMPTROLLER OF PUBLIC ACCOUNTS' OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL

The Texas Comptroller of Public Accounts ("**Comptroller**"), appearing through the Texas Attorney General's Office, objects to the Debtor's *Emergency Motion for Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief* ("**Motion**") [Doc. No. 9], and would respectfully show the following:

1.  Debtor filed its voluntary petition for relief under Chapter 11 on February 7, 2019 (the "**Petition Date**"). On the Petition Date, Debtor was liable for Texas motor vehicle rental tax ("**MVRT**") incurred from October 1, 2018 through February 7, 2019. Debtor owes $213,010.77 in MVRT for the period October 1, 2018 through January 31, 2019. Debtor's February 2019 MVRT return is due on March 20, 2019.

2.  Debtor filed a motion for permission to use cash collateral and requested interim relief on an emergency basis. The Court granted the Motion and a hearing to approve entry of a final order granting the Motion (the "**Final Order**") is set for March 21, 2019.

3.  The Comptroller objects to entry of the Final Order to the extent it (1) purports to grant liens on the Comptroller's trust fund taxes, (2) restricts the Comptroller's ability to recover any trust fund taxes from Debtor or any other party, or (3) restricts Debtor's ability to remit the Comptroller's trust fund taxes in accordance with state law.

Request for Adequate Protection of Trust Fund Taxes

4.      Debtor operates a car rental business. In its operations, Debtor is required to collect MVRT from its customers and is required to remit the collected tax to the Comptroller monthly. TEX. TAX. CODE § 152.026 and 151.045. The collected tax is held in trust for the Comptroller under TEX. TAX. CODE § 111.016(a), which provides:

> Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so collected in trust for the benefit of the state and is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected.

5.      The MVRT is held by Debtor as agent for the Comptroller, and the trust fund tax does not become property of Debtor's bankruptcy estate. *See, e.g., In re Al Copeland Enterprises, Inc.*, 133 B.R. 837, 838 (Bankr. W.D. Tex. 1991), *aff'd*, *Al Copeland Enterprises, Inc. v. State of Texas*, 991 F.2d 233 (5th Cir. 1993); *Texas v. Megafoods Store, Inc. (In re Megafoods Stores, Inc.)*, 163 F.3d 1063 (9th Cir. 1998)(Texas sales taxes are not property of a debtor's bankruptcy estate). The trust fund status applies to any trust funds the Comptroller can trace into Debtor's possession as of the Petition Date and to any tax trust funds collected by Debtor after the Petition Date.

6.      Debtor's motor vehicle rental receipts include MVRT. The MVRT trust funds are not the "proceeds" of Debtor's sales or accounts receivable collections. The trust funds cannot be lawfully used by Debtor in its business operations or diverted to a third party. *Alon USA LP v. Texas*, 222 S.W. 3d 19 (Tex. App. - Austin 2005), *petition of review denied* (October 12, 2007) (motor fuels tax in taxpayer's credit card receivables collected by third-party creditor must be paid to the Comptroller); *Marrs-Winn Company, Inc. v. Giverson Electric, Inc. (In re Marrs-Winn Company, Inc.)*, 103 F.3d 584, 589 (7th Cir. 1996) (money received pursuant to a statutory, express or implied trust "can only be distributed to trust beneficiaries, and not to creditors of bankruptcy

estate"); *United States Department of Energy v. Seneca Oil Company (In re Seneca Oil Company)*, 906 F.2d 1445, 1453 (10th Cir. 1990) (trust funds "were never part of the bankruptcy estate, and therefore could not be used by the trustee to pay administrative expenses"); *In re Koppinger*, 113 B.R. 588 (Bankr. D. N.D. 1990).

7. On the Petition Date, Debtor should have been holding MVRT funds collected in the period from October 1, 2018 through February 6, 2019 (the "**Pre-petition Trust Fund Taxes**"). To comply with state tax law, Debtor must continue to collect MVRT after the Petition Date (the "**Post-petition Trust Fund Taxes**").

8. The Final Order should clarify that the Comptroller's sales tax trust funds are not any party's cash collateral and that any liens granted under the Final Order do not attach to the Comptroller's trust funds.

9. Additionally, Debtor is required to operate its business in accordance with state law while in bankruptcy. 28 U.S.C. §§ 959 and 960. Debtor is specifically required to pay its taxes on or before the tax due date. § 960(b). The Comptroller objects to any provision of the Final Order that would prevent Debtor from complying with its duties as a taxpayer under state and federal law (e.g. by the diversion of trust fund taxes to a third party or a cash collateral budget line item that fails to allow for the full payment of the taxes).

10. The Comptroller requests that the following language be inserted in the Final Order as clarification of these issues:

> Notwithstanding anything herein to the contrary, the relief granted herein is without prejudice to any rights of the Texas Comptroller of Public Accounts to funds which do not constitute property of the estate but which may qualify as tax trust funds. The Comptroller is not precluded from pursuing such funds by this Order, nor is any party in interest precluded from contesting any action of the Comptroller to recover alleged trust funds. Nothing in this order shall be construed to prevent the Debtor from complying with 28 U.S.C. §§ 959 and 960 with respect to the Comptroller's trust fund taxes.

11. As further adequate protection for its trust fund taxes, the Comptroller requests that Debtor be required to:

(i) establish a "Motor Vehicle Rental Tax Escrow Account" at an approved depository institution;

(ii) deposit, at least weekly, into such account all MVRT collected as a part of Debtor's operations beginning within seven (7) days of the entry of the Final Order;

(iii) provide to the Comptroller's counsel a copy of the weekly deposit slip confirming deposit of trust fund taxes into the escrow account;

(iv) provide to the Comptroller's counsel the monthly bank statement for the tax escrow account;

(v) provide access to Debtor's books and records, upon reasonable notice of at least 48 hours to Debtor's counsel, for a representative or representatives of the Comptroller to review or audit such records, and;

(vi) timely file all post-petition tax returns and remit all post-petition state taxes on or before their due date.

12. By seeking the relief requested herein, the Comptroller does not waive, and expressly reserves, its rights to pursue other remedies against Debtor, the individual officers of the Debtor and/or other parties for any conversion of tax trust funds which has occurred or may occur in the future.

WHEREFORE, the Texas Comptroller of Public Accounts respectfully requests that

(i) the Comptroller be granted adequate protection for its trust funds under 11 U.S.C. §363(e) as set forth above;

(ii) the Comptroller have such other and further relief as is just.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ John Mark Stern*
JOHN MARK STERN
Texas State Bar No. 19175662
Assistant Attorney General
Bankruptcy & Collections Division MC 008
P. O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 475-4868
Facsimile: (512) 936-1409
john.stern@oag.texas.gov

ATTORNEYS FOR THE TEXAS
COMPTROLLER OF PUBLIC ACCOUNTS

**CERTIFICATE OF SERVICE**

I certify that on March 18, 2019, a true copy of the foregoing was served by the method and to the following parties as indicated:

By First Class Mail:

Clearwater Transportation, Ltd
6013 Fountainwood
San Antonio, Texas 78233

By Electronic Means as listed on the Court's ECF Noticing System:

Robert L. Barrows
Warren, Drugan & Barrow, P.C.
800 Broadway
San Antonio, TX 78215 1517
rbarrows@wdblaw.com, bchapa@wdblaw.com;PACERnotice@gmail.com

Kay D. Brock
PO Box 1748
Austin, TX 78767 1749
bkecf@traviscountytx.gov, kay.brock@traviscountytx.gov

Michael G. Colvard
Martin & Drought, P.C.
Bank of America Plaza, 25th floor
300 Convent Street
San Antonio, TX 78205
mcolvard@mdtlaw.com, amartinez@mdtlaw.com

Christal A Delgado
Syfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
cdelgado@seyfarth.com, bmaxwell@seyfarth.com

Michael Flume
Flume Law Firm, LLP
1020 N.E. Loop 410, Suite 530
San Antonio, TX 78209
mflume@flumelaw.net, egillaspie@flumelaw.net;sflume@flumelaw.net

Patrick L. Huffstickler
Dykema Cox Smith
112 E. Pecan St., Ste. 1800
San Antonio, TX 78205 1521
phuffstickler@dykema.com, mlongoria@dykema.com;docketsat@dykema.com

Tara LeDay
PO Box 1269
Round Rock, TX 78680 1269
tleday@ecf.courtdrive.com;kmorriss@mvbalaw.com;ccain@mvbalaw.com;vcovington@mvbalaw.com;bankruptcy@mvbalaw.com;jwilliams@mvbalaw.com;alocklin@mvbalaw.com

Jesse Tyner Moore
Dykema Cox Smith
111 Congress Avenue, Suite 1800
Austin, TX 78701 4068
jmoore@dykema.com

Herbert C Shelton
Hajjar Peters, LLP
3144 Bee Caves Rd
Austin, TX 78746 5560
cshelton@legalstrategy.com, lrobson@legalstrategy.com

Donald P. Stecker
711 Navarro, Suite 300
San Antonio, TX 78205 1749
don.stecker@lgbs.com

Sabrina L. Streusand
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
streusand@slollp.com, prentice@slollp.com

United States Trustee - SA12
US Trustee's Office
615 E Houston, Suite 533
San Antonio, TX 78295 1539
USTPRegion07.SN.ECF@usdoj.gov

H. Elizabeth Weller
2777 N. Stemmons Freeway Suite 1000
Dallas, TX 75207 2328
bethw@publicans.com

> */s/ John Mark Stern*
> JOHN MARK STERN