IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| CLEARWATER TRANSPORTATION, LTD., | § | |
| | § | Case Number 19-50292-cag |
| Debtor. | § | |

**JOINT OBJECTION TO MOTION FOR FINAL ORDER (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE CRAIG A. GARGOTTA,
UNITED STATES BANKRUPTCY JUDGE:

COME NOW Austin Conrac, LLC ("Austin ConRAC") and the City of Austin, by and through their undersigned counsel, and hereby file this Joint Objection to Motion for Final Order (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief (the "Objection"), and in support of such Objection, the Austin ConRAC and the City of Austin state as follows:

### I. INCORPORATION BY REFERENCE

1. Prior to filing this Objection, Austin ConRAC and the City of Austin also filed their Motion for Appointment of Trustee, or in the Alternative, Motion for Appointment of an Examiner ("Motion") and, because the issues are inextricably linked with the merits of the Emergency Motion for Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief (the "Cash Collateral Motion"), Austin ConRAC and the City of Austin hereby incorporate by reference its Motion as if fully set forth herein.

### II. OVERVIEW

2. The Debtor owes millions of dollars for funds it received from customers in trust

and did not remit to the State of Texas, the City of Austin, Austin-Bergstrom International Airport ("ABIA"), and the City of Austin Controller's Office, among others. The Debtor did not pay sales taxes, various bond funds and tolls collected from its Rent-a-Car Customers, Customer Facility Charges, and Concession Fees owed to the City of Austin. At the same time, the Debtor also paid its owner, Monty Merrill, over $464,808 in salary and distributions, as well as paying a related real estate company, wholly owned by Mr. Merrill, over $142,000, apparently using the trust funds collected for the Debtor's own purposes. The Debtor paid its owner more than it makes on gross margin, and the Debtor continues to lose money in the bankruptcy case.

3. The Customer Facility Charges and other trust money collected by the Debtor are not segregated under the proposed budget to use cash collateral and are therefore not treated as trust funds by the Debtor, resulting in a lack of adequate protection to the City of Austin. For the CONRAC, the Concession Agreements are cross-defaulted with the Master Lease Agreement and Subleases (all as defined below) and the failure to provide adequate protection to the City of Austin impacts that relationship for Austin ConRAC and all the other rental car companies under the subleases.

4. Further, the Debtor has been in Chapter 11 in excess of 30 days but the final cash collateral budget and notice pleadings filed by the Debtor contain no financial information as to the Debtor's *actual performance* from the Petition Date, February 7, 2019, to the present.

5. Last, the estimated projections of revenue for car rentals in the proposed final budget appear to be greatly increased from the Debtor's past performance. It appears there is an approximate 40% increase in revenue projections by the Debtor that does not seem to be supported by past performance and current car rental revenue performance numbers for the Debtor.

6. There appear no provisions or restrictions in the budget for trust funds collected by the Debtor and owned by third parties, including the City of Austin and the Indenture Trustee under the Bonds used to build the CONRAC.

### III. BACKGROUND FACTS

7. On February 7, 2019, the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code (the "Petition Date").

8. The Debtor is continuing to operate as a debtor-in-possession. No trustee or examiner has been appointed in this case, but a trustee or examiner has been requested.

9. On February 7, 2019, the Debtor filed its Cash Collateral Motion.

10. On February 12, 2019, the Interim Order (I) Authorizing Debtor to Use Cash Collateral; (II) Granting Adequate Protection: (III) Scheduling a Final Hearing; and (IV) Granting Related Relief (the "Interim Order") was entered.

11. The Debtor is a tenant in the Consolidated Rental Car Facility (the "CONRAC") at ABIA. At ABIA, the Debtor does business as a Hertz franchisee under the Thrifty and Dollar rental car brand names. The Rental Car Facility is directly adjacent to ABIA and is easily accessible by passengers at ABIA. The Debtor derives the majority of its rental car income (85%) from ABIA. (Declaration of Monty Merrill in Support of First Day Motions, ¶ 13).

12. The business arrangement for the CONRAC among the City of Austin, Austin ConRAC, and the Debtor is established in the following agreements: the Rental Car Concession Agreement for Austin-Bergstrom International Airport between the City of Austin, Texas and Clearwater Transportation, Ltd. dba Dollar Car Rental (the "Dollar Concession Agreement"); the Rental Car Concession Agreement for Austin-Bergstrom International Airport between the City of Austin, Texas and Clearwater Transportation, Ltd. dba Thrifty Car Rental (the "Thrifty

Concession Agreement," together with the Dollar Concession Agreement, the "Concession Agreements"); the Consolidated Rental Car Facility Master Lease Agreement for Austin-Bergstrom International Airport (and related amendments thereto) between the City of Austin and Austin ConRAC (the "Master Lease Agreement"); the Consolidated Rental Car Facility Sublease Agreement for Austin-Bergstrom International Airport among Austin ConRAC, the City of Austin and Clearwater Transportation, Ltd. dba Dollar Car Rental (the "Dollar Sublease"); and the Consolidated Rental Car Facility Sublease Agreement for Austin-Bergstrom International Airport among Austin ConRAC, the City of Austin and Clearwater Transportation, Ltd. dba Thrifty Car Rental (the "Thrifty Sublease," together with the Dollar Sublease, the "Subleases").

13. The Master Lease Agreement requires that Austin ConRAC enter into the Subleases who are parties to the Concession Agreements. The Concession Agreements allow each car rental company to conduct business at ABIA. Austin ConRAC is the master lessee to the Debtor holding the Subleases at ABIA. The Debtor, the sublessee of Austin ConRAC, owes monthly obligations for both base rent and for operations and maintenance ("O&M"). As of the Petition Date, approximately $193,625 was owed to Austin ConRAC for O&M under the Subleases, in addition to $36,375 in base rent. *See* Schedules of Assets and Liabilities, Docket No. 37, page 18. The Concession Agreements are cross-defaulted with the Master Lease Agreement and Subleases.

14. Further, the City of Austin has a lease at ABIA for a service area directly with the Debtor. The Debtor owes pre-petition rent in the amount of $15,881.

15. The Debtor owes the City of Austin certain fees pursuant to the Concession Agreements as follows:

a. a Concession Fee equal to ten percent (10%) of its Gross Receipts (¶ 4.1 of the Concession Agreements), in the amount of $190,692 as of the Petition Date; *See* Schedules of Assets and Liabilities, Docket No. 37, page 9; and

b. a Customer Facility Charge ("CFC") in the amount of $5.95 per day per rental customer (¶ 4.2 of the Concession Agreements), in the approximate amount of $295,645 as of the Petition Date. *See* Schedules of Assets and Liabilities, Docket No. 37, pages 8 and 9.

16. The CFCs are used to pay certain municipal bonds, and the Debtor, by entering into the Concession Agreements, expressly agreed that the CFCs were to be held in trust and paid to the Trustee (as assignee of the City of Austin, and as defined in the Concession Agreements) on or before the 20th day of each month for the preceding calendar month of operations. These fees are separately identified on each rental car customer's receipt. *See* ¶¶ 4.2.1 and 4.2.2 of the Concession Agreements. The Debtor expressly collected the fees on behalf of the City of Austin, but misappropriated those fees and did not remit those sums to the Trustee.

17. The Debtor has absolutely failed to remit the CFCs to the Trustee, and the Debtor's ability to handle these funds post-petition is in doubt.

18. The Debtor owes approximately $1.5 million to the City of Austin Town Lake Bond Fund. *See* Schedules of Assets and Liabilities, Docket No. 37, page 1. The City of Austin Town Lake Bond Fund is a charge imposed by the City of Austin on all car rentals. It is generally five percent (5%) of gross sales rentals.

19. The Debtor owes the Travis County Tax Assessor $112,050 in personal property taxes as of the Petition Date and an additional $168,156 in State of Texas Rental Vehicle Taxes to the Texas Comptroller of Public Accounts. *See* Schedules of Assets and Liabilities, Docket

No. 37, pages 13 and 16.

20. The Debtor also has an obligation to hold sales taxes in trust. The Debtor has failed to remit its sales taxes, held on behalf of the State of Texas, to the Texas Comptroller.

21. Additionally, the Debtor has failed to remit toll road fees collected from customers in the amount of $117,083. *See* Schedules of Assets and Liabilities, Docket No. 37, page 17.

22. While in the course of spending funds that were held on behalf of others, the Debtor paid its principal, Monty Merrill, an exorbitant salary. The Debtor paid its related company, owned by Mr. Merrill, the amount of $142,000 and has a "note receivable" according to the Debtor in the amount of $638,092 (essentially only a book entry), that is owed to this same related entity.

23. Even though it not paying these trust fund obligations, the Debtor still could not operate at a profit. The Debtor owes its secured creditors, its franchisor, and its unsecured creditors significant sums, and the Debtor is well past due on the vast majority of all of its business obligations.

24. In sum, the Debtor has misappropriated trust funds, paid funds to insiders, and still operated at a significant loss. Nothing about the bankruptcy filing has assuaged its operating at a deficit and the Debtor should not be left in charge of its operating budget and the cash collateral generated by the Debtor's business.

## IV. OBJECTION TO CASH COLLATERAL MOTION

25. The Debtor has been in Chapter 11 for approximately 40 days and should have results from its first month of operation as a debtor-in-possession. No actual financial information is included in the proposed final cash collateral budget, and that information is both

necessary and important in order for the Court and creditors to evaluate the Debtor's performance in Chapter 11.

26. More problematic is that the Debtor, in its final budget for usage of cash collateral, has estimated monthly revenue from car rentals that are **$185,000** per week, or **$756,188** a month, or $5,293,318 for the 7 months. The actual average income generated in 2018 by the Debtor on a weekly basis is **$105,561**. There is no rationale or explanation for this **approximately 40% increase** in monthly rental car income and, as a projection, appears to be entirely speculative and without any economic support.

27. The Debtor also has not segregated the CFCs and other trust funds collected post-petition by it and those funds should not be maintained any longer in the Debtor's operating account. The CFCs, as trust funds owed to the Trustee, do not belong to the Debtor and there are no protections for these trust funds to be separately maintained based upon the proposed budget and the current projections.

28. For all these reasons, the Debtor's use of cash collateral should be denied or only allowed under an interim basis and with appropriate provisions for segregating and maintaining all trust funds received by the Debtor from its customers. Finally, the Debtor should be obligated to pay the rent, O&M, and concession fees on the dates set forth in the Subleases and Concession Agreements, rather than the dates set forth in the Final Cash Collateral Budget, where there are variances from those dates.

## V. CONCLUSION AND PRAYER

WHEREFORE, for the reasons set forth herein, Austin ConRAC and the City of Austin respectfully request that the Court deny the Cash Collateral Motion or, alternatively, authorize the use of only essential funds on a final basis, and any other and further relief to which Austin

ConRAC and the City of Austin may be entitled to as the Court deems just and proper.

Dated: March 18, 2019

        Respectfully submitted,

By: /s/ *Sabrina L. Streusand*
    Sabrina L. Streusand
    State Bar No. 11701700
    Stephen W. Lemmon
    State Bar No. 12194500
    Streusand, Landon, Ozburn & Lemmon, LLP
    1801 S. MoPac Expressway, Ste. 320
    Austin, Texas 78746
    Telephone: (512) 236-9901
    Facsimile: (512) 236-9904
    streusand@slollp.com

**ATTORNEYS FOR AUSTIN CONRAC, LLC**

and

By: */s/ Afton Trevino*
    Afton Trevino
    Texas Bar No. 24071159
    City of Austin
    301 W 2nd Street
    Austin, Texas 78701
    Telephone: (512) 974-2282
    Facsimile: (512) 974-1311
    afton.trevino@austintexas.gov

**ATTORNEYS FOR CITY OF AUSTIN**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on this 18th day of March, 2019 upon all parties requesting service via ECF notification, and/or via email or first class mail to the parties on the attached service list.

        /s/ Sabrina L. Streusand
        Sabrina L. Streusand

# Clearwater Transportation, Ltd. – 19-50292
## Limited Service List

**Debtor:**
Clearwater Transportation, Ltd.
6013 Fountainwood
San Antonio, TX 78233
**Via Mail**

**Attorney for Debtor**
Patrick L. Huffstickler
Dykema Gossett PLLC
112 E. Pecan St., #1800
San Antonio, TX 78205
ECF: phuffstickler@dykema.com

**Office of the U.S. Trustee**
615 E. Houston, Suite 533
San Antonio, TX 78205
**Via ECF:** USTP.Region07@usdoj.gov

### LENDERS/POTENTIAL SECURED CREDITORS

Funding Circle
FC Marketplace, LLC
747 Front St., 4th Fl.
San Francisco CA 94111
**Via Mail**

Newtek Small Business Finance LLC
1981 Marcus Ave., #130
Lake Success NY 11042
**Via Mail**

IOU Central Inc.
600 TownPark Lane, Suite 100
Kennesaw, GA 30144
**Via Mail**

Funding Metrics, LLC
dba Lendini
884 TownCenter Drive
Langhome, PA 19047
**Via Mail**

Pioneer Park LLC
P.O. Box 398321
San Francisco, CA 94139-8321
**Via Mail**

GM Financial
P.O. Box 183593
Arlington, TX 76096-3834
**Via Mail**

Pearl Capital
Pearl Delta Funding
100 William Street, Suite 900
New York, NY 10038
**Via Mail**

### TAXING AND REGULATORY AGENCIES

Bell County Appraisal District
P.O. Box 390
Belton TX 76513-0390
**Via Mail**

Bexar County Tax Office
P.O. Box 2903
San Antonio TX 78299-2903
**Via Mail**

City of Austin
Controller's Office
P.O. Box 2920
Austin TX 78768-2920
**Via Mail**

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346
**Via Mail**

Texas Comptroller of Public Accounts
Revenue Accounting Division -
Bankruptcy Section
P.O. Box 13528 Capitol Station
Austin, TX 78711
**Via Mail**

Texas Workforce Commission
TWC Building - Regulatory Integrity
Division
101 East 15th Street
Austin, TX 78778
**Via Mail**

Tax Appraisal District of Bell County
P.O. Box 390
Belton, TX 76513-0390
**Via Mail**

Travis County Tax Office
Bruce Elfant, Tax Assessor-Collector
P.O. Box 149328
Austin, TX 78714-9328
**Via Mail**

Tom Green Appraisal District
2302 Pulliam St.
San Angelo TX 76905
**Via Mail**

Albert Uresti, MPA, PCC
Bexar County Tax Assessor-Collector
P.O. Box 2903
San Antonio, TX 78299-2903
**Via Mail**

United States Department of Justice –
All Divisions:
United States Attorney, Civil Process
Clerk
N. W. Loop 410, Suite 600
San Antonio, TX 78216
**Via Mail**

## AIRPORT CONCESSION PARTIES

City of Austin
c/o U.S. Bank, N.A.
P.O. Box 70870
Saint Paul MN 55170-9705
**Via Mail**

Austin CONRAC, LLC
Attn: Marshall A. Fein, COO
12130 Colwick
San Antonio, TX 78216
**Via Mail**

Director of Aviation
THE CITY OF AUSTIN
Austin-Bergstrom International Airport
3600 Presidential Blvd., Suite 411
Austin, TX 78719
**Via Mail**

The Airport Properties Manager
Department of Aviation
THE CITY OF AUSTIN
Austin-Bergstrom International Airport
3600 Presidential Blvd., Suite 411
Austin, TX 78719
**Via Mail**

City of Austin
City Clerk
301 W. Second St.
Austin, TX 78701
**Via Mail**

City of Killeen
8101 S. Clear Creek Rd., Box C
Killeen, TX 76549
**Via Mail**

Killeen-Fort Hood Regional Airport
Attn: Executive Director of Aviation
8101 S. Clear Creek Rd., Box C
Killeen, TX 76549
**Via Mail**

City of Killeen
Attn: City Attorney
101 N. College St., 1st Floor
Killeen, TX 76541
**Via Mail**

City of San Angelo
San Angelo Regional Airport-Mathis Field
8618 Terminal Circle, Ste. 101
San Angelo, TX 76904
**Via Mail**

City Attorney's Office
72 W. College Avenue
San Angelo, TX 76903
**Via Mail**

Austin Conrac, LLC
Conrac Managing, c/o Conrac Solutions
981 Lowell Ave. SW, #125
Renton, WA 98057
**Via Mail**

## TOP 20 UNSECURED CREDITORS (EXCLUSIVE OF OTHER CATEGORIES)

ATS Processing Services
1150 N. Alma School Rd.
Mesa, AZ 85201
**Via Mail**

Calhoun, Thomson & Matza
9500 Aboretum Blvd., #120
Austin, TX 78759
**Via Mail**

Dent Crafters
166 Briar Forest Dr.
Bastrop, TX 78602
**Via Mail**

Highway Toll Administrations
66 Powerhouse Rd., #103
Roslyn Heights, NY 11577
**Via Mail**

Town North Nissan
9160A Research Blvd.
Austin, TX 78758
**Via Mail**

Town North Nissan
9160A Research Blvd.
Austin, TX 78758
**Via Mail**

## CONTRACT AND VEHICLE LEASE PARTIES

Hincklease, Inc.
Attn: Bill Jeffries
2305 President's Dr., Ste. F
Salt Lake City UT 84120
**Via Mail**

Selig Leasing Company, Inc.
Attn: Steve Schaefer
2510 S. 108th St.
West Allis WI 53227
**Via Mail**

Hertz Global Holdings
Thrifty Rent-A-Car System, Inc.
Dollar Rent A Car, Inc.
Attn: Robert M. Barton
8501 Williams Road
Estero, FL 33928
**Via Mail**

Union Leasing, Inc.
P.O. Box 75850
Chicago, IL 60675-5850
**Via Mail**

The Bancorp
409 Silverside Road
Suite 105
Wilmington, DE 19809
**Via Mail**

Hinckley's Inc.
Dba Hincklease, Inc.
2309 South State Street
Salt Lake City, UT 84115
**Via Mail**

Harbor Properties
850 S. Hermitage Road, Suite B1
Hermitage, PA 16148
**Via Mail**

Commercial Fleet Leasing
The Bancorp Bank
Attn: Paul F. Pollock
626 Jacksonville Road, Suite 205
Warminster, PA 18974
**Via Mail**

DTG
Dba DTG Operations, Inc.
Attn: Lockbox Dept. 673
6242 E. 41st Street
Tulsa, OK 74135
**Via Mail**

Bancorp Bank
Attn: Paul F. Pollock
3755 Park Lake St.
Orlando FL 32803-5265
**Via Mail**

## NOTICES OF APPEARANCE

**Bell County Tax Appraisal District**
c/o Tara LeDay
McCreary, Veselka, Bragg & Allen, PC
P O Box 1269
Round Rock, TX 78680-1269
ECF: tleday@mvbalaw.com

**Bexar County**
c/o Don Stecker
Linebarger Goggan Blair & Sampson LLP
711 Navarro Street, Ste 300
San Antonio, TX 78205
ECF: don.stecker@lgbs.com

**Tom Green CAD**
c/o Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

**Newtek Small Business Finance, LLC**
c/o Michael Flume
Flume Law Firm, LLP
1020 N.E. Loop 410, Suite 530
San Antonio, TX 78209

**Frost Bank**
c/o Robert L. Barrows
Warren, Drugan & Barrows, P.C.
800 Broadway
San Antonio, TX 78215

**Travis County**
c/o Kay D. Brock
Assistant Travis County Attorney
P.O. Box 1748
Austin, TX 78767

**Mark Paul**
AutoAp, Inc.
P.O. Box 91507
Portland, OR 97291

**Austin CONRAC, LLC**
c/o Sabrina L. Streusand
Streusand, Landon Ozburn & Lemmon, LLP
1801 S. MoPac Expressway Ste 320
Austin, TX 78746

**Stephanie Hernandez**
c/o Charlie Shelton
Hajjar Peters, LLP
3144 Bee Caves Rd.
Austin, TX 78746

**The Hertz Corporation**
c/o William J. Hanlon
Nascine Howell
Seyfarth Shaw LLP
Two Seaport Lane, #300
Boston, MA 02210